Kamlesh Banga
P. O. Box 6025
Vallejo, CA 94591
kkbanga@gmail.com

Plaintiff in Pro Per
(707) 342-1692



FILED
DEC 3 1 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| KAMLESH BANGA,<br><br>             Plaintiff,<br>vs.<br><br><br>MIDAS INTERNATIONAL CORPORATIONS;<br>MIDAS AUTO SERVICE CENTER AND DOES 1<br>through 10 inclusive.<br><br>             Defendants | CASE NO.:<br><br>08 CV 3179 FCD<br>JFM<br><br>COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Plaintiff Kamlesh Banga brings this action against Midas International Corporations and Midas Auto Service Center (collectively "Midas"), for violation of California Business and Professions Codes §17200 et seq, and California Consumer Protection Act and breach of the implied covenant of good faith and fair dealing.

## JURISDICTION AND VENUE

2. The Court has jurisdiction of this litigation pursuant to 28 U.S.C. §1332. Jurisdiction over plaintiff's supplemental State law cause of action exists under 28 U.S.C. § 1367.

---
COMPLAINT

## PARTIES

3. Plaintiff, Kamlesh Banga, is, now, and at all times mentioned in this complaint was a resident of the State of California.

4. Midas International Corporations with its principal place of business in Itasca, Illinois is one of the largest operators of automobile repair centers that provide auto maintenance and repair services including brakes, exhaust, and suspension in the United States and Canada.

5. Midas Auto Service, a division of Midas International Corporations, is now, and at all times mentioned in this Complaint was, a corporation organized and existing under the laws of the State of California is licensed to do business in the State of California.

## TRIAL BY JURY

6. Plaintiff is entitled to and hereby requests a trial by jury. US Const. amend. 7. Fed. R. Civil Procedure 38.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

7. Plaintiff respectfully requests that this Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against defendants under federal and state laws.

## PRELIMINARY STATEMENT

8  Plaintiff Kamlesh Banga brings this action against Midas for its incorrectly installing the wrong rear brake aftermarket parts on plaintiff's vehicle. Defendants committed an illegal act, including fraud by omission, in violation of Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 Illegal Business Practice) when it omitted and/or failed to disclose material facts regarding the unsafe nature of the wrong rear brake aftermarket parts.

9. Midas violated the California Legal Remedy Act when it failed to disclose and concealed material facts about the unsafe nature of the wrong rear brake aftermarket parts., *i.e.,* that they are used and incorrect. Plaintiff suffered actual damages as a direct result of Midas' concealment and/or omissions in violation of the California Legal Remedy Act.

10. Plaintiff is unaware of the true names and capacities of the defendants sued as Does 1 through 10 inclusive. Plaintiff will amend this complaint to allege the true names and capacities of these defendants when they have been determined.

## FACTUAL BACKGROUND

11. On October 20, 2006, Plaintiff sent her son at Midas to replace the rear brakes on her vehicle, Acura, RSX for an advertised price of $99.00. After inspecting the vehicle, Defendant told that the vehicle needed a rear brake job including the cleaning of brake and it would charge $330.40 to get the job done. Plaintiff pointed out that the Midas' advertised price for brake work is $99.00. Midas responded that after inspection plaintiff's vehicle, it had determined that vehicle needed extra work. Thus, plaintiff relied on Midas's statement and agreed to have the brake work done at its facility.

12. After having the rear brakes job done per Midas' recommendation, vehicle started making a squeaking loud noise. The following day on October 21, 2006, plaintiff called Midas and complained that her vehicle was making a loud noise. Plaintiff then drove straight to Midas and asked Midas to check brakes on her vehicle why it was making a squeaking noise. The mechanic on duty listened to the sound, test drove the vehicle and said it was quite normal and it would go off in a day of driving.

13. Plaintiff drove the car for two days but the squeaking loud noise did not subside. Plaintiff then informed Midas that her vehicle was still making a squeaking noise. Midas then advised Plaintiff that she should drive the vehicle about 1000 miles before it could be determined what was wrong with the vehicle because sometimes new parts take time to be adjusted in a vehicle.

14. On or around November 27, 2006, plaintiff took the vehicle at Midas because the squeaking noise did not go off despite the fact vehicles had already been driven more than 1000 miles. Defendant inspected the car and determined that the noise Plaintiff was complaining of was a normal sound of the vehicle.

15. On February 16, 2007, plaintiff took her vehicle at Acura of Concord as it continued to make noise. Plaintiff was also having difficulty with the brakes as they were failed on her twice. Plaintiff was also having difficulty in bringing the car to full stop. After inspecting the vehicle, Acura of Concord found that Midas had incorrectly installed rear pads and used wrong brake pads too that had damaged rear rotor of the vehicle.

16. On February 19, 2008, plaintiff contacted and informed Midas that Acura of Concord had found that on October 20, 2006, Midas incorrectly installed rear pads and used wrong brake pads. Moreover, the brake pads were after aftermarket. Due to this incorrectly installed rear

brake pads, Plaintiff's vehicle's rear rotor had been damaged. As a result, Plaintiff had to replace new rotors and new rear brake pads and it cost a total of $543.63 plus tax.

17. On February 28, 2007, Plaintiff sent Midas the copies of repair work performed by Acura of Concord pertaining to the repair work that was performed by Midas on October 20, 2006.

18. After having no response from Midas, on April 23, 2007, plaintiff sent another letter demanding Midas to provide an explanation as to why wrong parts were installed on her vehicle.

19. On May 1, 2007, defendant responded that he was in the process of fact finding Midas parts versus Acura parts. Midas further mentioned that it takes pride in offering fully compatible parts in the aftermarket. This was the first time Midas disclosed to plaintiff that it used aftermarket parts on her vehicle. However, Midas did not provide any explanation why wrong parts were installed on plaintiff's vehicle.

20. On June 2, 2007, Plaintiff contacted Defendant to find out the length of time it would take to determine as to why Midas incorrectly installed wrong aftermarket parts on her vehicle.

21. On June 7, 2007, Defendant responded and stated that the brake parts it installed on plaintiff's vehicle were the correct part as per the Midas Catalog and offered a refund of $330.40 as a goodwill gesture.

22. On July 10, 2007, Plaintiff wrote a letter to Midas indicating that Acura of Concord had reaffirmed that the brake parts installed on plaintiff's vehicle by Midas were of incorrect size and installed incorrectly too. Therefore, plaintiff demanded that she would be willing to settle this matter for $30,000. Midas never responded.

23. Defendant had a duty to disclose to Plaintiff that it would use aftermarket parts to her vehicle. Defendant's breach of that duty, plaintiff suffered injury. Next, after having being complaint on several occasions by plaintiff that her vehicle was making a continuous noise, Midas failed to remove the wrong size brake parts from her vehicle that made plaintiff's vehicle unsafe to drive.

24. Defendant should be ordered to pay compensatory, consequential and punitive damages to Plaintiff.

/ / /
/ / /

## FIRST CAUSE OF ACTION
### (Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; Unfair Business Practice)

25. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

26. California Business & Professions Code section 17200 *et seq.* ("the Unfair Competition Law") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising" as that term is used in Business and Professions Code section 17500.

27. Midas committed an unfair act in violation of the UCL when it charged $330.40 for brake work whereas its advertised price for brake work was $99.00.

28. Midas committed an unfair act in violation of the UCL when it omitted and/or failed to disclose material facts regarding the unsafe nature of the wrong rear brake aftermarket parts.

29. Defendant committed an unfair act in violation of the UCL when it represented that the installed rear brake parts are new.

30. Defendant committed an unfair act in violation of the UCL when it represented that the new rear brake parts are properly installed.

31. Defendant's incorrectly installed rear brake pads caused damaged to vehicle's rear rotors. As a direct and proximate cause of Midas's misconduct, Plaintiff suffered actual damages in that she had to replace new rotors and new rear brake pads to the vehicle.

32. As a direct and proximate cause of Defendant's unfair practices, Defendant has been unjustly enriched and should be required to make restitution of Plaintiff or disgorge its ill-gotten profits pursuant to section 17203 of the Business & Professions Code.

## SECOND CAUSE OF ACTION
### (Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; Fraudulent Business Practice)

33. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

34. Defendant committed a fraudulent act in violation of the UCL when Defendant omitted and/or failed to disclose material facts regarding the unsafe nature of the wrong rear brake aftermarket parts.

COMPLAINT

35. Defendant also committed a fraudulent act in violation of the UCL when it represented that the installed rear brake parts are new.

36. Defendant knew that the wrong rear brake aftermarket parts would create a safety problem. Defendant's failure to disclose the safety problem and/or defective nature of the wrong rear brake aftermarket parts constitutes fraud by omission.

37. Defendant also knew – no later than October 21, 2006 and subsequently November 22, 2006 during its inspection of vehicle that defective rear brake aftermarket parts had been causing squeaking noise and damaging the rotors of the vehicle, yet Midas failed to disclose this material fact and/or to take appropriate corrective steps.

38. Defendant's intentional failure to disclose the defective nature of the wrong rear brake aftermarket parts, and to take appropriate corrective steps, constitutes fraud by omission. The facts concealed and omitted are material facts in that a reasonable consumer would have considered them important in deciding whether or not to have the car repaired at the Defendant's facility. Defendant's incorrectly installed rear brake pads caused damaged to vehicle's rear rotors.

39. As a direct and proximate cause of Defendant's misconduct, Plaintiff suffered actual damages in that she had to replace new rotors and new rear brake pads to the vehicle.

40. As a direct and proximate cause of Defendant's fraudulent practices, Defendant has been unjustly enriched and should be required to make restitution of Plaintiff or disgorge their ill-gotten profits pursuant to section 17203 of the Business & Professions Code.

### THIRD CAUSE OF ACTION
**(Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200
Illegal Business Practice)**

41. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

42. Defendant committed an illegal act, including fraud by omission, in violation of the UCL when Defendant omitted and/or failed to disclose material facts regarding the unsafe nature of the wrong rear brake aftermarket parts.

43. Defendant committed an illegal act in violation of the UCL when Defendant represented that the installed rear brake parts are new.

44. Defendant committed an illegal act in violation of the UCL by failing to disclose its

full knowledge of the unsafe nature of the wrong rear brake aftermarket parts, failing to disclose its knowledge that the wrong rear brake aftermarket parts would damage the rotors of the vehicle.

45. Plaintiff suffered actual damages as a direct result of Defendant's concealment and/or omissions in violation of the CLRA. Had it known of the true character and quality of the rear brake aftermarket parts, plaintiff would have considered them important in deciding whether or not to have the car repaired at the Defendant's facility. Defendant's incorrectly installed rear brake pads caused damaged to vehicle's rear rotors.

46. As a direct and proximate cause of Defendant's misconduct, Plaintiff suffered actual damages in that she incurred expenses in replacing new rotors and new rear brake pads to the vehicle.

47. As a direct and proximate cause of Defendant's illegal practices, Defendant should be required to make restitution of Plaintiff or disgorge their ill-gotten profits pursuant to section 17203 of the Business & Professions Code.

### FOURTH CAUSE OF ACTION
### (Violation of California Consumers Legal Remedies Act ("CLRA"),

48. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

49. Midas violated the CLRA (Cal. Civ. Code § 1770(a)(5) and § 1770(a)(7)) when it failed to disclose and concealed material facts about the unsafe nature of the wrong rear brake aftermarket parts, *i.e.,* that they are defective and unsafe. Plaintiff suffered damages as a result.

50. Midas violated the CLRA (Cal. Civ. Code § 1770(a)(5) and § 1770(a)(7)) when it represented that the installed rear brake parts are new when they were not.

51. Plaintiff suffered actual damages as a direct result of Defendants' concealment and/or omissions in violation of the CLRA. Had it known of the true character and quality of the rear brake aftermarket parts, plaintiff would have considered them important in deciding whether or not to have the car repaired at the Midas. Defendants' incorrectly installed rear brake pads caused damaged to vehicle's rear rotors.

52. As a direct and proximate cause of Defendants' misconduct, Plaintiff suffered actual damages in that she incurred expenses in replacing new rotors and new rear brake pads to the vehicle.

COMPLAINT

53. On July 10, 2007, Plaintiff had delivered Midas a notice of its violations of the Consumers Legal Remedies Act. On December 8, 2008, plaintiff sent a second notice by certified mail return receipt requested, If Midas fail to provide Plaintiff's requested relief for its violation of the CLRA, Plaintiff will amend this Complaint to seek monetary and punitive damages, in addition to equitable and injunctive relief under the CLRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a Judgment of this Court for each violation charged in the Complaint in her favor awarding her economic, compensatory, exemplary and punitive damages and all the relief as provided by law, attorney's fees if plaintiff retains an attorney during the pendency of this action, equitable relief, the costs and disbursements of this action;

1. Disgorgement of any contribution to profits resulting from Midas's failure to comply with California Business & Professions Code Sections 17200 et seq;

2. For general damages for losses resulting from mental anguish, and emotional distress according to proof at trial;

3. Based on the foregoing, plaintiff requests the Court to enter judgment against Midas in the amount of $100,000.

4. Plaintiff hereby seeks a trial by jury of any and all claims properly cognizable thereby;

5. Any and all other relief to which plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

Respectfully Submitted;

Dated: December 31, 2008          By: _____
                                        KAMLESH BANGA
                                        Plaintiff in Pro Per

COMPLAINT

# VERIFICATION

I, Kamlesh Banga, declare under penalty of perjury under the laws of the State of California that I am a plaintiff in the above-entitled action. I have read the Complaint and I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 31, 2008 in the County of Solano

By: *Kamlesh Banga*
KAMLESH BANGA
Plaintiff in Pro Per

COMPLAINT