IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

      Plaintiff,                     No. 2:08-cv-3179 FCD JFM PS

      vs.

MIDAS INTERNATIONAL
CORPORATIONS, et al.,              <u>ORDER AND</u>

      Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Pending before this court is defendant Midas' motion to dismiss. The court has determined that the matter shall be submitted upon the record and briefs on file[1] and accordingly, the date for hearing of this matter shall be vacated. Local Rule 78-230. Upon review of the motions and the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

      Defendant moves to dismiss for lack of subject matter jurisdiction.

/////

---

[1] On March 16, 2009, the undersigned signed an order continuing the previous hearing based on plaintiff's failure to file an opposition. However, on that same date, plaintiff submitted an opposition to the motion.

1

Federal Rule of Civil Procedure 12(b)(1) allows a party by motion to raise the defense that the court lacks "jurisdiction over the subject matter" of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979)(citations omitted). In the latter instance, no presumption of truthfulness attaches to plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988)(citations omitted). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

Defendant is correct that diversity jurisdiction is lacking. Defendants are not completely diverse from plaintiff. Plaintiff contends that she may be able to demonstrate diversity because Ron Abrams, the previous Midas franchisee, has moved out of the State of California. However, defendant Midas International Corporation is a citizen of California and plaintiff is a citizen of California. Because plaintiff and defendant Midas are both citizens of California, defendants are not completely diverse from plaintiff and this court lacks subject matter jurisdiction over this dispute. Pullman v. Jenkins, 305 U.S. 534, 541 (1939); Fed. R. Civ. P. 12(b)(1). Although defendant Midas sought dismissal with prejudice, as a general matter a dismissal for lack of subject matter jurisdiction is not a judgment on the merits. See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030 (9th Cir. 1985). Thus, this court will recommend that this action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that the April 16, 2009 hearing is vacated; and

/////

/////

IT IS RECOMMENDED that:

1. Defendant's February 12, 2009 motion to dismiss be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 26, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; banga.vac