IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

    Plaintiff,                    No. 2:08-cv-3179 FCD JFM PS

    vs.

MIDAS INTERNATIONAL             <u>ORDER AND</u>
CORPORATIONS, et al.,            FINDINGS AND RECOMMENDATIONS

    Defendants.

                            /

        This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Defendant Midas International Corporation's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is presently calendared for hearing on August 13, 2009 . Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        Defendant Midas seeks dismissal based on the grounds that the amended complaint fails to meet the minimum requirement for diversity jurisdiction because the amount in controversy does not exceed $75,000.00 as required under 28 U.S.C. § 1332(a). Plaintiff has filed an opposition.

1

Where the parties in an action are citizens of different states, a district court "shall have original jurisdiction . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This amount includes claims for general and special damages (excluding costs and interests), attorneys fees if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law. Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F.Supp. 1196, 1198 (N.D.Cal.1998).

The amount is "determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 757 (9th Cir.1999).

The Supreme Court has stated that in diversity cases where the amount in controversy is in doubt, "[i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586 (1938). Federal courts are courts of limited jurisdiction, and thus when faced with a motion to dismiss, the party seeking the federal court jurisdiction bears the burden of proving that jurisdiction is proper. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780, 785 (1936).

The Ninth Circuit stated that such "legal certainty" exists "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir.1986). "Only three situations clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." Id., 802 F.2d at 363.

/////

"Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.1989).  Thus, the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Id.

The amended complaint alleges plaintiff paid a Midas shop located in Vallejo, California, $330.40 to have brake work done on her Acura RSX.  (AC, ¶ 13.)  Plaintiff alleges she incurred an extra expense of $1,110.46 to have Acura of Concord replace the rotors allegedly damaged by the Midas' shop work, have new rear brake pads installed, and for other mechanical repairs.  (AC, ¶ 18.)  She also alleges she demanded $30,000.00 from Midas to settle her claims based upon the defective work performed by the shop.  (AC, ¶ 24.)  The Vallejo shop is not a party to the instant action.

The amended complaint alleges three violations of the California Business & Practices Code (unfair business practice, fraudulent business practice and illegal business practice), and a violation of the California Consumers Legal Remedies Act.

Although plaintiff alleges a total damages claim exceeding $75,000.00, and seeks an award of damages in the amount of $100,000.00 (AC at 8), her actual damages, as set forth in the amended complaint, total $1,440.86.  In her declaration, plaintiff now claims that she also had a solo auto accident caused by the defective brakes and sustained damage to her car's bumper in the amount of $1,300.00, as well as medical expenses based on her injuries, pain and suffering.  (Opp'n. at 4.)  She claims she incurred $790.00 in "expenses," during the period she was unable to use the car.  (Id.)  In addition, plaintiff claims she incurred $2,500.00 in attorney's fees prior to filing the instant action.

Plaintiff also claims punitive damages as a result of the alleged behavior by defendant.  Defendant does not deny that plaintiff is entitled to seek punitive damages herein.  Rather, defendant contends that the award sought by plaintiff would be 52 times the actual

damages, an amount that is excessive as a matter of law.  (Motion at 4, citing Cooper Indus. v. Leatherman Tool Group, 532 U.S. 42 (2001); BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996).)

In determining whether diversity jurisdiction exists, a court is obliged to consider claims for both actual and punitive damages in determining the jurisdictional amount.  Kahal v. J.W. Wilson & Assocs., Inc., 673 F.2d 547, 548 (D.C.Cir.1982).  "When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, [courts] should scrutinize that claim closely."  Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996); State of Missouri v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995).

The California Supreme Court has also set forth guidelines governing the award of punitive damages in California.  In Simon, the plaintiff unsuccessfully attempted to buy an office building from the defendant and sued for promissory fraud when the transaction was not completed.  Simon v. San Paolo U.S. Holding Co., Inc., 35 Cal.4th 1159, 1166, 29 Cal.Rptr.3d 379 (2005).  The jury awarded the plaintiff $5,000.00 in compensatory damages and $1.7 million in punitive damages. (Id.)  The California Supreme Court determined (1) the award of punitive damages exceeded the federal due process limitations set forth in BMW and State Farm, (2) appellate courts must conduct an independent review when assessing excessiveness under the federal due process clause, and (3) the maximum award constitutionally permissible was $50,000.00, which reflected a 10- to-1 ratio between punitive and compensatory damages.  Simon, 35 Cal.4th at 1187-1188, 1189.

In Johnson v. Ford Motor Co., 35 Cal.4th 1191 (2005), the California Supreme Court reversed the reduction of a punitive damage award to three times the compensatory award based on its determination that the lower court may have misapplied two of the guideposts from BMW and State Farm and may have underweighted the state's interest in punishing and deterring wrongful corporate practice.  Johnson, 35 Cal.4th at 1213.  In Johnson, the manufacturer had

fraudulently concealed material facts by failing to provide the vehicle's purchaser with a warranty buyback notice required by California's lemon law and had adopted a customer response program designed to short-circuit lemon law claims whenever plausible. Johnson, 35 Cal.4th at 1200.

In December of 2005, after remand from the California Supreme Court to determine the constitutional maximum of the punitive damages award, the lower court determined that punitive damages of $175,000, or just less than 10 times the compensatory award, was sufficient to vindicate California's legitimate interest in punishing the misconduct and deterring its repetition. Johnson v. Ford Motor Co., 135 Cal.App.4th 137, 150 (2005).

As the court in Simon explained,

> Though one court has referred to a 9-to-1 ratio as the constitutional trigger point (McClain v. Metabolife International, Inc. (N.D.Ala.2003) 259 F.Supp.2d 1225, 1231), one could also argue a "single-digit" ratio includes anything less than 10 to 1. (See Hollock v. Erie Insurance Exchange (Pa.2004) 842 A.2d 409, 422 [10-to-1 ratio "just barely exceeds" single-digit level].) The question is of little or no importance, however, as the presumption of unconstitutionality applies only to awards exceeding the single-digit level "to a significant degree." (State Farm, supra, 538 U.S. at p. 425, 123 S.Ct. 1513.)

Simon, 35 Cal.4th at 1182 n.7. Thus, a ratio of more than 10 to one between punitive and compensatory damages is presumed constitutionally excessive in California. Id.

Here, plaintiff alleges defendant incorrectly installed the wrong rear brake parts and used aftermarket parts without informing plaintiff that new parts would not be used. The Midas shop that performed the work is not named as a defendant in the amended complaint, although it was named in the original complaint. The fact that plaintiff removed the Midas shop located in Vallejo, California, as a defendant in the amended complaint suggests this defendant was omitted in order to avoid dismissal for lack of diversity jurisdiction.

Moreover, the bulk of damages sought by plaintiff are punitive damages.[1]

---

[1] This is true for the $1440.86 in actual damages set forth in the amended complaint, as well as the additional $4,590.00 damages alleged in plaintiff's declaration, or total of $6,030.86.

5

Most of plaintiff's arguments concerning punitive damages cite cases from other states or circuits, and are distinguishable on their facts. For example, plaintiff argues "punitive damages need bear no relation to the actual damages awarded but the wealth of the defendant and the risk created by the defendant's conduct are substantial factors to be considered in calculating punitive damages," citing a case from the Oklahoma Supreme Court, <u>Smith v. United States Gypsum Co.</u>, 612 P.2d 251, 255 (OK 1980). However, this court must apply California law in this diversity action. Plaintiff has cited no California authority confirming plaintiff would be entitled to such a large award of punitive damages on facts similar or analogous to those alleged here.

Plaintiff's reliance on <u>State Farm Mut. Auto. Ins. v. Campbell</u>, 123 S.Ct. 1513 (2003), from the United States Supreme Court, is also unavailing because the instant action does not meet any of the criteria for awarding a higher amount of punitive damages. The instant case is not particularly egregious, the injury is not hard to detect, and the monetary value of non-economic harm is not difficult to determine.

Taking the facts of the amended complaint in the light most favorable to plaintiff, the claim of punitive damages is constitutionally suspect due to the lack of actual damages incurred by plaintiff. See <u>BMW, Inc.</u>, 517 U.S. at 574-75. Even if plaintiff were ultimately to be awarded punitive damages in the ratio of 10 to 1,[2] her total damages would not meet the $75,000.00 pleading minimum. Accordingly, plaintiff's punitive damages claim is not supported by the factual evidence, and should be dismissed for lack of subject matter jurisdiction. The dismissal should be without prejudice so plaintiff may pursue her claims in state court.

Accordingly, IT IS HEREBY ORDERED that the August 13, 2009 hearing is vacated; and

---

[2] The punitive damage amount based on actual damages in the amended complaint would be $14,408.60; with the additional damages contained in plaintiff's declaration, the punitive damage award would be $60,030.86.

1       IT IS HEREBY RECOMMENDED that defendants' June 12, 2009 motion to
2 dismiss be granted, and this action be dismissed without prejudice.
3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
8 failure to file objections within the specified time may waive the right to appeal the District
9 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: August 11, 2009.

                                                             UNITED STATES MAGISTRATE JUDGE

14 001; banga.mtd